1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

DARRELL KENT,

11

Plaintiff,

12

v.

13

WASHINGTON STATE SPECIAL
COMMITMENT CENTER CHIEF

14

MEDICAL DIRECTOR, DR. LESLIE
SZIEBERT; WASHINGTON STATE

15

SPECIAL COMMITMENT CENTER,
GALINA DIXON, ARNP, and JOHN

16

DOES 1-25 and JANE DOES 1-25,

17

Defendant.

CASE NO. 3:15-CV-05553-BHS-DWC

REPORT AND RECOMMENDATION
TO DISMISS DOE DEFENDANTS
WITHOUT PREJUDICE

Noting Date: February 26, 2016

18

19    Plaintiff, a Washington State civilly-committed detainee proceeding *pro se*, filed this

20  civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2015. Dkt. 1. Plaintiff has named

21  John Does 1-25 and Jane Does 1-25 ("Doe defendants") as defendants in this action.  On

22  December 14, 2015, the Court ordered Plaintiff to provide the names and addresses of the Doe

23  defendants within 30 days of the date of the order. The deadline for Plaintiff to comply with this

24

REPORT AND RECOMMENDATION TO
DISMISS DOE DEFENDANTS WITHOUT
PREJUDICE - 1

1  Court's order was January 14, 2016. As of the date of this report and recommendation, Plaintiff

2  has not provided the names and addresses of the Doe defendants to the Court.

3       The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629

4  F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a

5  lawsuit to discover the identity of unknown defendants through discovery, the use of Doe

6  defendants is problematic because those persons cannot be served with process until they are

7  identified by their real names. Further, though Plaintiff lists the Doe defendants in the case

8  caption, they are otherwise unmentioned in the complaint or named in Plaintiff's causes of

9  action. Therefore, the undersigned recommends the entry of an order dismissing the Doe

10  defendants from this case without prejudice.

11       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

12  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

13  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

14  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

15  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 26,

16  2016, as noted in the caption.

17       Dated this 4th day of February, 2016.

18

19                  David W. Christel
                United States Magistrate Judge

20

21

22

23

24

REPORT AND RECOMMENDATION TO
DISMISS DOE DEFENDANTS WITHOUT
PREJUDICE - 2