UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRELL KENT,<br><br>            Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, DR. LESLIE SZIEBERT; WASHINGTON STATE SPECIAL COMMITMENT CENTER GALINA DIXON, ARNP,<br><br>            Defendants. | CASE NO. 3:15-CV-05553-BHS-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL<br><br>Noting Date: June 10, 2016 |

      The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is a notice of withdrawal under Federal Rule of Civil Procedure 41, filed by Plaintiff Darrell Kent, requesting the Court dismiss his entire case with prejudice. Dkt. 28. Defendant Sziebert has filed a response indicating he has no objection to Plaintiff's motion. Dkt. 29. Defendant Dixon has not filed a response. The Court interprets this notice of withdrawal as a Motion for Voluntary Dismissal ("Motion"). The

undersigned recommends Plaintiff's case be dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed this action against Defendants Leslie Sziebert and Galina Dixon, as well as fifty unnamed "Doe" Defendants, on August 6, 2015. Dkt. 1. Since that time, the Court has dismissed the Doe Defendants without prejudice, and Defendants Dixon and Sziebert filed answers to Plaintiff's complaint. Dkt. 9, 18, 25. Currently pending before the District Court is a separate report and recommendation on Defendant Dixon's motion to dismiss. Dkt. 19, 26.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Plaintiff requested the dismissal after both Defendants Sziebert and Dixon filed answers, and Plaintiff's notice of dismissal does not contain the signatures of all parties. *See* Dkt. 28. Thus, Plaintiff's motion to dismiss may only be granted "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001). Plaintiff's Motion

1  (Dkt. 28) should be granted; however, the motion should be granted without prejudice pursuant

2  to Rule 41(a)(2).

3  **CONCLUSION**

4  For the foregoing reasons, the Court recommends Plaintiff's case be dismissed without

5  prejudice.

6  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

7  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

8  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

9  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

10  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June

11  10, 2016, as noted in the caption.

12  Dated this 20th day of May, 2016.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR VOLUNTARY
DISMISSAL - 3